## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EDWARD WISNIEWSKI and           :
MARY WISNIEWSKI, Co-Administrators    :     Case No.: 1:08-cv-00026-GMS
of the Estate of Eric E. Wisniewski, Deceased,   :
                                  :     Jury Trial Demanded
         Plaintiffs,             :
                                    :
     v.                              :
                                    :
OCEAN PETROLEUM, L.L.C., and       :
BRUCE PREDEOUX,             :
                                    :
         Defendants.          :

## ANSWER WITH AFFIRMATIVE DEFENSES OF  DEFENDANTS OCEAN PETROLEUM, L.L.C., AND BRUCE PREDEOUX

Defendants, Ocean Petroleum, L.L.C., and Bruce Predeoux, by and through their attorneys, Kent & McBride, P.C. hereby submit their Answer and Affirmative Defenses to Plaintiffs' Complaint, and aver as follows:

1.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

6.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

7.      Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

8.      Admitted.

9.      Denied in full by Defendants.

## COUNT I

10.     Defendants' answers to paragraphs 1 through 9 are herein incorporated by reference.

11.     Admitted.

12.     Admitted that Defendant Ocean Petroleum was the owner of the vehicle.  Denied as to the remainder of the allegations contained in this paragraph.

13.     Admitted.

14.     Denied in full by Defendants.

15.     Denied in full by Defendants.  Denied in full as to each sub-paragraph (a) through (t).

## COUNT II

16.     Defendants' answers to paragraphs 1 through 15 are herein incorporated by reference.

17.     Admitted.

18.     Admitted.

19.     Denied in full by Defendants.  Denied in full as to each sub-paragraph (a) through (t).

## COUNT III

20.     Defendants' answers to paragraphs 1 through 19 are herein incorporated by reference.

21.     No response required.

22.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

23.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

24.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

25.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

26.     Denied.  Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph.

## COUNT IV

27.     Defendants' answers to paragraphs 1 through 26 are herein incorporated by reference.

28.     Denied in full by Defendants.

29.     No response required.

30.     Denied in full by Defendants.  Denied in full as to each sub-paragraph (a) through (f).

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendants, at all relevant times hereto, complied with all applicable federal, state, and other regulations.

## FOURTH AFFIRMATIVE DEFENSE

Decedent Eric E. Wisniewski was reckless and/or negligent in that he:

a)  failed to walk facing towards oncoming traffic while walking along a highway, in violation of 21 Del. C. § 4146(b);

b)  failed to walk as far as practicable from the edge of the roadway, in violation of 21 Del. C. § 4146(b);

c)  failed to yield the right-of-way to all vehicles upon the highway, in violation of 21 Del. C. § 4146(d);

d)  failed to carry a lighted lantern, lighted flashlight or other similar light or reflector type device while walking upon the roadway or shoulder, in violation of 21 Del. C. § 4148(a);

e)  operated a vehicle on the highway that failed to have the sufficient lamps, as required by 21 Del. C. § 4344(a);

f)  parked a vehicle on the highway during a time when there was insufficient light to reveal any person or object within a distance of 500 feet upon the highway, and failed to place the required lamps under 21 Del. C. § 4344(a), in violation of 21 Del. C. § 4344(b);

g)  knowingly operated a vehicle on the highway that was in an unsafe condition as a result of inoperative equipment, in violation of 21 Del. C. § 4355(a);

h)      failed to operate his vehicle with due regard for safety of all persons using the highway, in violation of 21 Del. C. § 4176(b);

i)      operated his vehicle in a careless or imprudent manner without due regard for road, weather and traffic conditions then existing, in violation of 21 Del. C. § 4176 (a)(b);

j)      failed to park his vehicle as far off the highway as possible, in violation of his common law duty to do so;

k)      as other discovery may reveal.

## FIFTH  AFFIRMATIVE DEFENSE

Decedent Eric E. Wisniewski's reckless conduct bars any recovery.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs were proximately caused by an intervening, superseding cause.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the negligence of Decedent Eric E. Wisniewski exceeds the negligence, if any, of Defendants, recovery by the Plaintiffs is barred.  To the extent the negligence of Decedent Eric E. Wisniewski is not greater than the negligence, if any, of Defendants, any damages sustained by the Plaintiffs must be reduced in proportion to the relative fault, pursuant to 10 Del.C. §8132.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by Plaintiffs are not recoverable under applicable law.

## NINTH AFFIRMATIVE DEFENSE

If it is proven that Defendants were negligent, which allegations are hereby expressly

5

denied, then Plaintiffs' claims are barred, controlled, or limited, by Decedent Eric E. Wisniewski's assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the person of Defendant Bruce Predeoux due to insufficiency of process and insufficiency of service of process.

## ELEVENTH AFFIRMATIVE DEFENSE

Process and service of process are insufficient: statutory and rule requirements have not been met.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants hereby reserve the right to interpose such other defenses as discovery may disclose.

**WHEREFORE**, Defendants demand judgment against the Plaintiffs for costs, attorneys fees, and any other relief the Court deems appropriate.

**KENT & McBRIDE, P.C.**

By:     */s/ David C. Malatesta, Jr.*
        David C. Malatesta, Jr., Esquire
        Delaware I.D. No. 3755
        1105 Market Street
        Suite 500, 5th Floor
        Wilmington, DE 19801
        (302) 777-5477
        Attorney for Defendants

Dated: January 25, 2008

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

EDWARD WISNIEWSKI and                               :
MARY WISNIEWSKI, Co-Administrators                  :       Case No.: 1:08-cv-00026-GMS
of the Estate of Eric E. Wisniewski, Deceased,      :
                                                    :       Jury Trial Demanded
         Plaintiffs,                              :
                                                    :
      v.                                          :
                                                    :
OCEAN PETROLEUM, L.L.C., and                        :
BRUCE PREDEOUX,                                     :
                                                    :
         Defendants.                              :

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 25, 2008, a true and correct

copy of Defendants' Answer to Complaint with Affirmative Defenses, was served on all counsel

of record, via electronic filing, as well as by U.S. Mail, first-class, postage prepaid.

                                    **KENT & McBRIDE, P.C.**

                  By:    */s/ David C. Malatesta, Jr.*
                          David C. Malatesta, Jr., Esquire
                          Delaware I.D. No. 3755
                          1105 Market Street
                          Suite 500, 5th Floor
                          Wilmington, DE 19801
                          (302) 777-5477
                          Attorney for Defendants

Dated: January 25, 2008