800 N. King Street
Suite 300
Wilmington, DE 19801
Telephone: 302-426-1900
Facsimile: 302-426-9947

**Mark T. Hurford** • mhurford@camlev.com

# Campbell & Levine, LLC
Attorneys at Law

February 25, 2008

**VIA HAND DELIVERY**
The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

RE:   Wisnewski et al. v. Ocean Petroleum et al., C.A. No. 08-00026 (GMS)

Dear Judge Sleet:

As you may know, we represent the Plaintiffs in this matter. On January 31, 2007, the Plaintiffs' filed a Motion for Extension of Time to Effect Service of Original Process Pursuant to Federal Rule of Civil Procedure 4(m) (the "Motion"), a copy of which is attached hereto. The Motion requests an extension of time to complete service of process upon Bruce Predeoux through May 30, 2008, since the original period to complete service of process upon him terminates on or about February 29, 2008.

As indicated in the Motion, counsel to the Defendants in this matter, David Malatesta, Esq., does not oppose the relief requested therein. Indeed, there has been no response or other objection filed to the Motion. Therefore, we respectfully request that the Court enter the proposed Order attached hereto, in light of the February 29, 2008 deadline. If the Court has any questions or concerns, we remain available.

Respectfully submitted,

Mark T. Hurford

Enclosures
cc: David Malatesta, Esquire (via hand delivery)

{D0106675.1}

Wilmington, Delaware • Pittsburgh, Pennsylvania

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD WISNIEWSKI and<br>MARY WISNIEWSKI, Co-Administrators<br>of the Estate of Eric E. Wisniewski,<br>Deceased,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>OCEAN PETROLEUM, L.L.C., and<br>BRUCE PREDEOUX,<br><br>　　　　　Defendants. | C.A. No.: 1:08-cv-00026 (GMS)<br><br>JURY TRIAL DEMANDED |

**MOTION FOR AN ORDER EXTENDING TIME TO EFFECT
SERVICE OF ORIGINAL PROCESS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 4(m)**

Plaintiffs, Edward Wisniewski and Mary Wisniewski, Co-Administrators of the Estate of Eric E. Wisniewski, Deceased, move for An Order Extending Time to Effect Service of Original Process Pursuant to Federal Rule of Civil Procedure 4(m)(the "Motion"). In support of this Motion, Plaintiffs respectfully state as follows:

　　1.　　On October 31, 2007, Plaintiffs filed a Complaint in the Superior Court of the State of Delaware, in and for New Castle County against Defendants Ocean Petroleum, L.L.C. and Bruce Predeoux seeking damages from, among other things, causes of action for negligence and wrongful death.

　　2.　　On November 26, 2007, the Kent County Sheriff served the Delaware Secretary of State with a copy of the Summons and Complaint pursuant to 10 Del. C. § 3104.

{D0105394.1 }

3.  On December 17, 2007, Plaintiffs' counsel received the Return of Service from the Kent County Sheriff showing service upon the Secretary of State under 10 Del. C. § 3104 on behalf of Defendants Ocean Petroleum, L.L.C. and Bruce Predeoux.

4.  On December 18, 2007, Plaintiffs' counsel sent copies of the Complaint and Summons served on the Delaware Secretary of State to: Bruce Predeoux at 29087 Raven Court, Salisbury, MD 21801 and to Defendant Ocean Petroleum, L.L.C. Attention: Officer/Managing or General Agent/Any Other Authorized Agent to Accept Service of Process, 7167 Worchester Highway, Newark, Maryland, 21841.[1]

5.  On January 9, 2008, Defendants' counsel contacted Plaintiffs' counsel and requested an extension of time to file an Answer to the Complaint through January 22, 2008 for both Defendants. Plaintiffs' counsel agreed to the extension of time to Answer through January 22, 2008. Defendants' counsel did not agree to accept service for Defendant Bruce Predeoux.

6.  On January 10, 2008, the registered mail envelope containing the Summons and Complaint served on Defendant Bruce Predeoux was returned to Plaintiffs' counsel's office as "unclaimed." The address used by Plaintiffs' counsel was the address provided by Defendant Bruce Predeoux to the Delaware State Police at the accident scene.

7.  On January 11, 2008, Plaintiffs' counsel re-sent the service packet including the Summons served on the Secretary of State and the Complaint by registered mail to Defendant Bruce Predeoux at 29087 Raven Court, Salisbury, MD 21801. At the

---

[1] On December 20, 2007, Ocean Petroleum, L.L.C. accepted service of process. In compliance with 10 Del. C. § 3104, Plaintiffs filed a mailing affidavit with proof of service as an amendment to the Complaint. Service is now effectuated upon Defendant Ocean Petroleum, L.L.C.

{D0105394.1 }

time of this filing, Plaintiffs' counsel has not received the Receipt for Registered mail for the second service packet sent to Defendant Bruce Predeoux on January 11, 2008.

8. On January 14, 2008, Defendant Ocean Petroleum, L.L.C. filed a Notice of Removal in the United States District Court for the District of Delaware under 28 U.S.C. § 1441(a). In the Notice of Removal, attorney David Malatesta, Jr., entered his appearance on behalf of both Defendants and stated that Defendant Bruce Predeoux consented to the removal of the case from Superior Court to District Court.

9. On January 26, 2008, Defendants filed an Answer to the Complaint including an Affirmative Defense that Defendant Bruce Predeoux was improperly served, despite the Plaintiffs attempts on service and the package was unclaimed by Defendant Predeoux.

## RELIEF REQUESTED

10. The time to effect service of process on Defendant Bruce Predeoux is set to expire on February 29, 2008. Accordingly, by this Motion, Plaintiffs seek an order extending the time by which service of process must be effectuated in the Complaint through May 30, 2008.

## BASIS FOR RELIEF

11. The Third Circuit has set forth a two-step inquiry for courts to apply when determining whether to extend the time for service of a complaint under Rule 4(m). First, upon a showing of good cause for the delayed service, the court must extend the time period. Second, if good cause does not exist, the court may exercise its discretion to extend the time period. Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

12. Here, Plaintiffs believe that good cause exists for extending the time within which they must effect service of process. Good cause is determined by plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay. Farrace v. United States Dep't of Justice, 220 F.R.D. 419, 420-21 (D. Del. 2004)(citing United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988)); Sunniland Fruit Co., Inc. v. PMI Produce Corp., Inc., 2001 U.S. Dist. LEXIS 9247, at *5 (S.D.N.Y. July 9, 2001). Plaintiffs' efforts to serve Defendant Bruce Predeoux have been both reasonable and timely. Plaintiffs have twice attempted to serve process upon Defendant Bruce Predeoux at the address he provided to the Delaware State Police the morning of the fatal accident that is the subject of the Complaint. These service attempts have been made within the statutory 120 days to serve Defendants and within the applicable statute of limitations.

13. Moreover, no prejudice will result to Defendant Predeoux in the event that this Court grants the additional time to serve process. Defendant Bruce Predeoux had notice that a Complaint had been filed against him as of at least January 9, 2008 when his attorney contacted Plaintiffs' counsel requesting an extension of time with which to Answer. Defendant Bruce Predeoux was also on notice that a Complaint had been filed against him when he consented to the removal of the case from Superior Court to District Court on January 14, 2008. Because Defendant Bruce Predeoux has requested both an extension of time to Answer, and the Removal of the case, he will not be prejudiced by an Order granting Plaintiffs an extension of time to serve him.

14. Alternatively, even if the Court were to find that good cause does not exist, the Plaintiffs respectfully request the Court to exercise its discretion to extend the

time to effect service. The Court has broad power to control its schedule and its own docket. Texaco, Inc. v. Borda, 383 F.2d 607, 608 (3d Cir. 1967)(quoting Landis v. North Am. Co., 299 U.S. 248, 254-255 (1936)). Plaintiffs have made timely efforts to serve Defendant within the 120 day time period for service. It was not unreasonable for Plaintiffs to rely upon an address provided by Defendant to the State Police and included in the Police Report for service upon that Defendant.

15. Pursuant to the United States District Court for the District of Delaware Local Civil Rule 7.1.1., on January 30 and 31, 2008, Plaintiffs' and Defendants' counsel attempted in good faith to reach an agreement as to the matters set forth in this Motion. Defendants' counsel does not oppose the filing of this Motion.

WHEREFORE, for all of the foregoing reasons, Plaintiffs respectfully request that this Court enter an order, in the form attached hereto, enlarging the time for service of process upon Defendant Bruce Predeoux through May 30, 2008, without prejudice to the Plaintiffs right to request additional extensions as appropriate, and granting such other and further relief as the Court deems just and proper.

Dated: January 31, 2008            CAMPBELL & LEVINE, LLC

/s/ Kathryn S. Keller
Marla Rosoff Eskin (No. 2989)
Kathryn S. Keller (No. 4660)
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

{D0105394.1 }

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD WISNIEWSKI and <br> MARY WISNIEWSKI, Co-Administrators <br> of the Estate of Eric E. Wisniewski, <br> Deceased, <br>         Plaintiffs, <br><br> v. <br><br> OCEAN PETROLEUM, L.L.C., and <br> BRUCE PREDEOUX, <br><br>         Defendants. | ) <br> ) <br> )    C.A. No.: 1:08-cv-00026 (GMS) <br> ) <br> )    JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER EXTENDING TIME TO
EFFECT SERVICE OF ORIGINAL PROCESS**

Upon consideration of the Motion For An Order Extending Time To Effect Service Of Original Process Pursuant to Federal Rule of Civil Procedure 4(m) (the "Motion") filed by Plaintiffs Edward and Mary Wisniewski, and finding that proper and adequate notice was given; and finding that an extension of the time to effect service of process as requested in the Motion is in the best interest of the parties and that good cause exists therefor;

IT IS HEREBY ORDERED, this _____ day of _____, 2008, that the Motion is granted; and

IT IS FURTHER ORDERED, that the time to effect service of original process in the above-captioned Complaint is hereby extended through May 30, 2008, without prejudice to the Plaintiffs' right to request additional extensions.

Dated: _____, 2008

                                                                                                             United States District Court Judge

{D0105405.1 }

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD WISNIEWSKI and ) <br> MARY WISNIEWSKI, Co-Administrators ) <br> of the Estate of Eric E. Wisniewski, ) <br> Deceased, ) <br>            Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OCEAN PETROLEUM, L.L.C., and ) <br> BRUCE PREDEOUX, ) <br> ) <br>            Defendants. ) | C.A. No.: 1:08-cv-00026 (GMS) <br><br> JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

      I, Kathryn S. Keller, of Campbell & Levine, LLC, Hereby Certify that on January 31, 2008, I caused a copy of the foregoing *Motion for an Order Extending Time to Effect Service of Original Process Pursuant to Federal Rule of Civil Procedure 4(m)* to be served upon the individual listed below via hand delivery:

> DAVID C. MALATESTA, JR., ESQ.
> Kent & McBride, P.C.
> 1105 Market St.
> Suite 500, 5th Floor
> Wilmington, DE 19801

Date: January 31, 2008

                                                                                  */s/Kathryn S. Keller*
                                                                                  Kathryn S. Keller (#4660)