# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD WISNIEWSKI and | ) | CIVIL DIVISION |
| MARY WISNIEWSKI, Co-Administrators | ) | |
| of the Estate of Eric E. Wisniewski, Deceased, | ) | Case No. 1:08-CV-00026-GMS |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| OCEAN PETROLEUM , L.L.C. and | ) | |
| BRUCE PREDEOUX, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS EDWARD WISNIEWSKI AND
## MARY WISNIEWSKI'S BRIEF IN OPPOSITION
## TO MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

**CAMPBELL & LEVINE, P.C.**
Marla R. Eskin (DE Bar I.D. 2989)
Kenneth L. Dorsney (DE Bar I.D. 3726)
800 N. King Street, Suite 300
Wilmington, DE 19801
Tel: (302) 426-1900
Fax: (302 426-9947
meskin@camlev.com
kdorsney@camlev.com

*- and -*

Andrew J. Leger, Jr., Esquire (PA 43702)
**LEGER & BALL, P.C.**
330 Grant Street
Suite 3100
Pittsburgh, PA  15219
(412) 456-9700

*Counsel to Edward Wisniewski and Mary Wisniewski, Co-Administrators of the Estate of Eric E. Wisniewski, Deceased*

{D0126544.1 }

# TABLE OF CONTENTS

**Page**

ii.    TABLE OF AUTHORITIES ........................................................................    ii

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ....    2

II.    SUMMARY OF THE ARGUMENT ..........................................................    2

III.    COUNTER-STATEMENT OF THE MATTER BEFORE THE COURT....    3

IV.    COUNTER-STATEMENT OF THE QUESTION INVOLVED .................    3

V.    COUNTER-STATEMENT OF THE FACTS ...........................................    3-4

VI.    ARGUMENT .............................................................................................    4-5

VII.    CONCLUSION ..........................................................................................    5

{D0126544.1 }

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

A.  Table of Citations

<u>Goldsberry v. Frank Clendaniel, Inc.,</u>
10 Terry 69, 49 Del. 69, 109 A.2d 405 (1954)  ...............................................     4,5

B.  Rules of Court

Federal Rule of Civil Procedure, Rule 14.......................................................     3,4

Federal Rule of Civil Procedure, Rule 14(a)(1) ...........................................     2,4

Federal Rule of Civil Procedure, Rule 15 .....................................................     3,4

C.  Local Rules of Court

D. Del. LR 7.1.1  ...........................................................................................     3

{D0126544.1 }

AND NOW, come the Plaintiffs Edward Wisniewski and Mary Wisniewski, Co-Administrators of the Estate of Eric E. Wisniewski, Deceased, by and through their attorneys, Marla R. Eskin, Campbell & Levine, P.C., Andrew J. Leger, Jr., Esquire and Leger & Ball, P.C. and file Plaintiffs Edward Wisniewski and Mary Wisniewski's Brief In Opposition to Motion for Leave to File a Third Party Complaint and in support thereof avers the following:

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

This action is a wrongful death and survival action that was originally filed in state court on October 31, 2007, but which was removed to this court on the basis of diversity on January 14, 2008.

Pleadings in this matter were closed on January 26, 2007, after Defendants filed their Answer.

## II.    SUMMARY OF THE ARGUMENT

Defendants' request for leave to file a third party complaint against Decedent's employer beyond the ten (10) days permitted by Rule 14(a)(1) of the Federal Rule of Civil Procedure should be denied.  Although Defendants claim that discovery gathered to date "now gives them reason to believe that the Decedent's vehicle's gas gauge was malfunctioning", they were actually aware of the same before the filing of the Complaint.

Allowing the late filing of the third party complaint without any reasonable excuse therefore of Decedent's employer after the expiration of the statute of limitations would only serve to confuse the jury.

{D0126544.1 }

### III.    COUNTER-STATEMENT OF THE MATTER BEFORE THE COURT

Whether Defendants Ocean Petroleum, LLC and Bruce Predeoux's request for leave of court to file an Amended Answer to the Complaint is timely and/or appropriate under the facts of this case.[1]

### IV.    COUNTER-STATEMENT OF THE QUESTION INVOLVED

Should this Honorable Court allow the Defendant/Third Party Plaintiff to file an Amended Answer/Third Party Complaint to the Complaint pursuant to Rules 14 and 15 of the Federal Rules of Civil Procedure and D. Del. LR 7.1.1.

Proposed Answer:    No.

### V.    COUNTER-STATEMENT OF THE FACTS

On February 2, 2006, at or about 6:25 a.m., Decedent was killed while on the berm of the southbound lanes of Route 1 near Townsend, Delaware.

On October 31, 2007, Plaintiffs instituted a wrongful death and survival action in the Superior Court of the State of Delaware in New Castle County.[2]  The case was removed by Defendants to this Honorable Court on the basis of diversity on January 14, 2008.

In the Complaint, specifically Paragraph 4, Plaintiffs alleged that Decedent had been driving a 1989 Ford Econoline 350 six-wheel utility truck owned by his employer, Catts Plumbing Repairs, Inc.  Plaintiffs further alleged that:

> "4.    **Due to a malfunctioning gas gauge**, Decedent ran out of gas and was forced to pull onto the shoulder/berm of the roadway on Route 1."  (Emphasis added).

---

[1]In bringing this Motion, the Defendant is in violation of D. Del LR 7.1.1, as they have failed to contact the opposing party regarding the same in an effort to reach an agreement.

[2]In actuality, a copy of the Complaint had been forwarded to Defendant's counsel on September 11, 2007 as part of a settlement demand package.  After no response was ever provided, the Complaint was filed seven (7) weeks later.

{D0126544.1 }

3

Eric Wisniewski had run out of gas due to a malfunctioning gas gauge and had been forced to pull over onto the berm of the highway.  He was tragically killed shortly thereafter when he was run over by the fuel tanker truck owned by Defendant Ocean Petroleum, LLC and operated by Defendant Predeoux.  At the time of the accident, Eric Wisniewski had or was refueling the vehicle from gasoline purchased at a nearby gas station when the tanker truck drifted off of the roadway and struck him.

Thus, as early as September 11, 2007, Defendants were aware of the fact that the vehicle driven by Eric Wisniewski had a faulty gas gauge.  This contradicts Paragraph 3 of Defendants' Motion for Leave to File a Third Party Complaint wherein Defendants allege that: "Based on the discovery gathered to date, Defendants have reason to believe that the gas gauge in Decedent's vehicle had been inoperable for sometime."  Defendants were aware of that fact even before suit was filed.  Moreover, **Defendants have conducted no formal discovery thus far.**

## VI.    ARGUMENT

Although they caption their Motion as one for Leave to File a Third Party Complaint, they argue in their Motion and Memorandum that they are simply seeking to amend a pleading under Rule 15 of the Federal Rules of Civil Procedure.  In reality, they are or should be acting under Rule 14 of the Federal Rules of Civil Procedure which governs Third Party Practice.

Under Rule 14(a)(1) of the Federal Rules of Civil Procedure, Defendants were required to file their third party complaint within ten (10) days of having filed their Answer, or they are required to seek leave of court.  The Defendants cannot justify their failure to timely file a third party complaint as they possessed knowledge of the faulty gas gauge at that time.

{D0126544.1 }

4

Moreover, in this case, Defendants seek to join Decedent's **employer** in this matter after the running of the statute of limitations. Under Delaware law, joining an additional defendant after the running of the statute of limitations is limited to a claim for contribution only. Goldsberry v. Frank Clendaniel, Inc., 10 Terry 69, 49 Del. 69, 109 A.2d 405 (1954).

In addition, there would be a question as to proximate cause in this case involving a malfunctioning gas gauge being superimposed on the current case involving a driver who admitted to the Delaware State Police that he drifted off the roadway and belatedly tried to get off the berm and back into his lane of travel at the time he struck Eric Wisniewski.

Thus, interposing the employer into this case will only serve to confuse the jury. It would be far more appropriate to allow this case to be tried as it is presently configured and when Plaintiffs prevail to allow Defendants to file a claim, should one exist, against Decedent's employer for contribution.

### VII.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiffs, Edward Wisniewski and Mary Wisniewski request that this Honorable Court dismiss Defendants' Motion for Leave to File a Third Party Complaint.

Dated: August 4, 2008

Respectfully submitted,

**CAMPBELL & LEVINE, P.C.**

/s/ Marla R. Eskin
Marla R. Eskin (DE Bar I.D. 2989)
Kenneth L. Dorsney (DE Bar I.D. 3726)
800 N. King Street, Suite 300
Wilmington, DE 19801
Tel: (302) 426-1900
Fax: (302 426-9947
meskin@camlev.com
kdorsney@camlev.com

*- and -*

{D0126544.1 }

5

Andrew J. Leger, Jr., Esquire (PA 43702)
**LEGER & BALL, P.C.**
330 Grant Street
Suite 3100
Pittsburgh, PA  15219
(412) 456-9700

*Counsel to Edward Wisniewski and Mary
Wisniewski, Co-Administrators of the Estate
of Eric E. Wisniewski, Deceased*

{D0126544.1 }

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD WISNIEWSKI and | ) | CIVIL DIVISION |
| MARY WISNIEWSKI, Co-Administrators | ) | |
| of the Estate of Eric E. Wisniewski, Deceased, | ) | Case No. 1:08-CV-00026-GMS |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| OCEAN PETROLEUM , L.L.C. and | ) | |
| BRUCE PREDEOUX, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, of Campbell & Levine, LLC, hereby certify that on August 4, 2008, I caused a copy of the *Plaintiffs Edward Wisniewski And Mary Wisniewski's Brief In Opposition To Motion For Leave To File A Third Party* to be served upon the individual listed below via hand delivery:

DAVID C. MALATESTA, JR., ESQ.
Kent & McBride, P.C.
1105 Market St., Suite 500
Wilmington, DE 19801

**CAMPBELL & LEVINE, LLC**

*/s/ Kenneth L. Dorsney*
Marla R. Eskin (DE Bar I.D. 2989)
Kenneth L. Dorsney (DE Bar I.D. 3726)
800 N. King Street, Suite 300
Wilmington, DE 19801
Tel: (302) 426-1900
Fax: (302 426-9947
meskin@camlev.com
kdorsney@camlev.com

*Counsel to Edward Wisniewski and Mary Wisniewski, Co-Administrators of the Estate of Eric E. Wisniewski, Deceased*

{D0126550.1 }