UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD WISNIEWSKI and | : | |
| MARY WISNIEWSKI, Co-Administrators | : | Case No.: 1:08-cv-00026-GMS |
| of the Estate of Eric E. Wisniewski, Deceased, | : | |
| | : | Jury Trial Demanded |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| OCEAN PETROLEUM, L.L.C., and | : | |
| BRUCE PREDEOUX, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS OCEAN PETROLEUM, L.L.C. AND BRUCE PREDEOUX'S REPLY BRIEF IN RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

Defendants, Ocean Petroleum, L.L.C. and Bruce Predeoux (hereinafter "Defendants"), by and through their attorneys, Kent & McBride, P.C., hereby respond to Plaintiffs's Opposition to Defendants' Motion for Leave to file a Third-Party Complaint, and set forth the following:

**I.    PLAINTIFFS' OPPOSITION IS UNTIMELY**

On July 17, 2008, Defendants electronically filed and served their Motion for Leave to File a Third-Party Complaint ("Motion").  Under *D. Del. LR 7.1.2(a)(2)*, any response to Defendants' Motion was to be filed no later than ten (10) days after service of Defendants' Motion, excluding weekends and holidays, thus making August 1, 2008 the deadline for filing a timely response. Plaintiffs filed and served their Brief in Opposition on August 4, 2008.  As such, Plaintiffs' Brief is untimely and should not be entertained by the Court.

**II.    DEFENDANTS COMPLIED  WITH THE D. DEL LR 7.1.1**

Plaintiffs assert in their Opposition Brief that Defendants are "in violation of *D. Del LR 7.1.1*, as they have failed to contact the opposing party regarding the same in an effort to reach an

agreement." (Plaintiffs' Brief p. 3, Fn 1).  Kent & McBride, P.C. has had on-going discussions with Leger & Ball, P.C. on the very issue of Defendants' Motion.

Prior to filing this motion, Defendants, while reviewing the initial disclosure documents from Plaintiffs pursuant to *Rule 26*, were not provided any materials regarding any workers compensation claims or file materials.  On June 23, 2008, counsel for Plaintiffs counsel informed Defendants that there was no workers compensation coverage in place at the time of the incident. Defendants subsequently confirmed that the policy originally issued to Catts Plumbing, which would have been in place at the time of the accident on February 2, 2006, was cancelled on October 23, 2005. Defendants subsequently had discussions with Plaintiffs' counsel about their intent or desire to add Catts Plumbing as an additional defendant.  Plaintiffs' counsel indicated that they had no intention of adding Catts Plumbing as an additional defendant.  Defendants counsel then informed Plaintiffs' counsel about their intention to bring Catts Plumbing into the case as it did no enjoy the protections afforded by *19 Del. C. 2304*, and the Motion for Leave to file the action was filed with the Court.

Based on the communications between the parties regarding the substance of the motion, Defendants' respectfully submit that they have complied with *Local Rule 7.1.1*.  While Defendants admit that they inadvertently failed to include an averment regarding the parties prior communications and inability to reach an agreement, the Court is not obligated to dismiss the Motion on that basis alone.  *Joy Global, Inc. v. Wisconsin Dept. Of Workforce Development,* 2008 WL 440334, *2 (D.Del.).  Dismissal is especially not warranted here, as the parties did discuss this issue prior to the filing of the Motion.

**III.    DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT IS TIMELY WHETHER FILED UNDER RULE 14 OR 15.**

Under Federal Rules of Civil Procedure 14(a), Defendants are permitted to request leave of the Court to file a Third-Party Complaint. If a defending party does not take such action within ten days of filing the original answer, the party must then seek leave of the Court to do so, which is exactly what Defendants are now requesting. Despite Plaintiffs' argument that Defendants had prior knowledge about the defective gas gauge, the issue and extent of a party's knowledge, or the basis for seeking leave to file a third-party complaint beyond that party's reasonable belief that a third-party defendant may be liable, is not a bar to a party's right to file a third-party complaint. Under Rule 14, a party has the right to request such a filing "[a]t any time after commencement of the action...". As such, Plaintiffs' timeliness arguments are without merit.

**IV.    LEAVE TO FILE THIRD-PARTY COMPLAINT SHOULD BE GRANTED**

Rule 14(a) of this Court permits a defendant, as a third party plaintiff, to implead as a third-party defendant any person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The effect of this rule, in an action based on negligence, is to permit a defendant to implead a joint tort-feasor from whom a defendant may be entitled to contribution of all or part of the claim asserted against him by the plaintiff. *Ingerman v. Bonder* 77 A.2d 591 (Del.Super., 1950). A review of the proposed third-party complaint confirms that it is simply a claim against Catts Plumbing Repair, Inc., under the Uniform Contribution Among Tort-feasors Act, and the basis for the claim is set forth in a short and plain statement so as to fairly put Catts Plumbing on notice as to the precise nature of the demand. In Delaware, the right of action for contribution accrues at the time of the accident. *Goldsberry v. Frank Clendaniel, Inc.*, 109 A.2d 405, 407 (Del.Super. 1954).

In Delaware, motions to amend are generally freely granted whenever justice so requires. The purpose behind this rule is to encourage the disposition of cases on their merits. *Grand Ventures, Inc. v. Whaley,* 632 A.2d 63, 72 (Del. 1993). This Court must weigh the desirability of ending cases on their merits with any possible prejudice or surprise to the opposing party. *Di Fonzon v. Robelen Piano Co.,* 144 A.2d 247, 248 (Del.Super. 1958). If the objecting party does not satisfy the Court that the amendment will be prejudicial, then the motion must be granted. *Rogers v. Delmarva Power & Light Co.,* 95 A.2d 842, 845-846, (Del.Super. 1953). In this case, the potential liability of Catts Plumbing in providing its employee with a defective truck is something that should have been obvious to all parties involved as soon as the fact of a defective gas gauge was made known, however, the fact that Catts Plumbing was not afforded the protections of the workers compensation statute has just recently been confirmed.. As such, Plaintiffs cannot now assert surprise or prejudice in support of their opposition.

Plaintiffs' concerns of jury confusion are without merit. Whether the third-party action is tried separately or consolidated, a jury will hear the same evidence and be required to determine issues of contributory negligence as well as joint tortfeasor liability. Trying these two actions separately is a waist of judicial resources and an added undue expense for the parties involved.

Furthermore, Plaintiffs have failed to show how they would be prejudiced by the granting of the Motion. The parties have not taken any formal discovery to date, and the proposed discovery periods and deadlines have not yet begun to run.

**WHEREFORE**, Defendants respectfully request leave to file the proposed Third-Party Complaint.

                                                                              Respectfully submitted,

                                                              By: */s/ David C. Malatesta, Jr.*
                                                                David C. Malatesta, Jr., Esq.
                                                                DE Bar Id.: 3755

                                                **KENT & MCBRIDE, P.C.**
                                                1105 Market Street, Suite 500
                                                Wilmington, DE. 19801
                                                Phone: (302) 777-5477
                                                Facsimile: (302) 777-7712
                                                Attorney for Defendants Ocean Petroleum,
Dated: August 8, 2008                          L.L.C. and Bruce Predeoux

Case 1:08-cv-00026-GMS    Document 18    Filed 08/08/2008    Page 5 of 5