# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD WISNIEWSKI and : <br> MARY WISNIEWSKI, Co-Administrators : <br> of the Estate of Eric E. Wisniewski, Deceased, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> OCEAN PETROLEUM, L.L.C., and : <br> BRUCE PREDEOUX, : <br> : <br> Defendants. : <br> : <br> OCEAN PETROLEUM, L.L.C., and : <br> BRUCE PREDEOUX, : <br> : <br> Third-Party Plaintiffs, : <br> : <br> v. : <br> : <br> CATTS PLUMBING REPAIR, INC., : <br> : <br> Third-Party Defendant. : | Case No.: 1:08-cv-00026-GMS <br><br> Jury Trial Demanded |

**THIRD-PARTY COMPLAINT OF DEFENDANTS OCEAN PETROLEUM, L.L.C. AND BRUCE PREDEOUX AGAINST CATTS PLUMBING REPAIR, INC.**

Defendants / Third-Party Plaintiffs, Ocean Petroleum, L.L.C., and Bruce Predeoux, by and through their attorneys, Kent & McBride, P.C. pursuant to Federal Rules of Civil Procedure, Rule 14, hereby submit their Third-Party Complaint against Third-Party Defendant, and aver as follows:

1. Upon information and belief, Plaintiffs, Edward Wisniewski and Mary Wisniewski, are husband and wife and are the surviving parents and Co-Administrator of the

Estate of Eric E. Wisniewski, Deceased ("Decedent") and reside at 107 Megan Drive, Bear, Delaware 19701.

2. Defendant / Third-Party Plaintiff, Ocean Petroleum, L.L.C. ("Ocean Petroleum") is a Maryland Corporation with its principal place of business at 7167 Worchester Highway, Newark, Maryland 21841.

3. Defendant / Third-Party Plaintiff, Bruce Predeoux ("Predeoux") is a citizen of Maryland residing at 29087 Raven Court, Salisbury, Maryland 21801.

4. Upon information and belief, Third-Party Defendant, Catts Plumbing Repair, Inc. ("Catts"), is a Delaware Corporation or other legal entity with a Registered Agent at Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington, Delaware 19808.

5. Defendants / Third-Party Plaintiffs were sued by Plaintiffs for a Wrongful Death Action and a Survival Action for injuries and other damages for an accident which occurred on February 2, 2006 on Route 1 approximately 2.4 miles south of the Route 299 on-ramp near Townsend, Delaware.

6. Upon information and belief, the negligence and wanton disregard for the safety of its employees of Third-Party Defendant Catts was a contributing factor to the alleged circumstances which resulted in the Catts vehicle, which Decedent was operating, to run out of gas and to become disabled in a hazardous roadway area which ultimately caused the injuries and resultant death of Decedent.

7. Defendants / Third-Party Plaintiffs deny that they are liable to the Plaintiff in any respect. However, in the event that Defendants / Third-Party Plaintiffs are held liable to

Plaintiffs, then Defendants / Third-Party Plaintiffs are entitled to contribution and/or indemnification from Third-Party Defendant in any amount which Defendants / Third-Party Plaintiffs may be required to pay as a result of the wrongful acts of Third-Party Defendant, based upon the relative degrees of fault determined pursuant to the provisions of the Delaware Uniform Contribution Among Tortfeasors law, 10 Del. C. §§ 6301-6308.

8. The proximate cause of Decedent's accident was the negligence of Third-Party Defendant, Catts Plumbing Repair, Inc., as follows:

a) knowingly permitted its vehicle to be operated on the highway in an unsafe condition with inoperative equipment as to endanger decedent, in violation of 21 Del. C. § 4355(a);

b) knowingly permitted its vehicle to be operated in an unfit and unsafe condition in violation of 21 Del. C, § 2161;

c) knowingly permitted its vehicle to be operated in an unsafe condition and in improper and disrepair in violation of 21 Del. C. § 2144;

d) knowingly breached its common law duty to take reasonable steps to safeguard against the operation of its motor vehicle in a defective condition;

e) knowingly breached its common law duty to provide a reasonably suitable motor vehicle for its employee;

f) knowingly breached its common law duty to exercise ordinary care to maintain its vehicle in a reasonably safe condition;

g) knowingly breached its common law duty to reasonably provide a safe work environment for its employee;

    h)    negligently failed to inspect or test the fitness of its vehicle to assure that it is reasonably safe and suitable for the work to be done;

    i)    negligently breached its common law duty as an owner of a motor vehicle to assure that the vehicle was in a reasonably safe condition before requiring and permitting it to be operated upon a public highway and failure to assure that it is properly equipped so that at all times is under control and not a menace to other traffic.

    j)    negligently breached its common law duty to assure that its vehicle's condition was safe and suitable for the particular kind of use in which it was to be employed;

    k)    negligently breached its common law duty to properly inspect and repair the vehicle in a reasonably prudent manner;

    l)    negligently failed its duty as an employer to exercise reasonable care to furnish a reasonably safe place in which to work and to maintain such reasonably safe conditions;

    m)    negligently failed to properly train its employees to exercise reasonable care in the operation of its negligently maintained equipment.

**WHEREFORE**, Defendants / Third-Party Plaintiffs demand judgment against the Third-Party Defendant for any and all sums it must pay to any party including Plaintiffs, and Defendant / Third-Party Plaintiffs' reasonable costs, legal fees and expenses incurred in defending this litigation, with interest.

|  |  |
|---|---|
|  | **KENT & McBRIDE, P.C.** |
| By: | */s/ David C. Malatesta, Jr.* |
|  | David C. Malatesta, Jr., Esquire |
|  | Delaware I.D. No. 3755 |
|  | 1105 Market Street |
|  | Suite 500, 5th Floor |
|  | Wilmington, DE 19801 |
|  | (302) 777-5477 |
|  | Attorney for Defendants |

Dated: October 20, 2008