IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD WISNIEWSKI, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 08-26 GMS |
| OCEAN PETROLEUM, LLC, et al. | ) |
| | ) |
| Defendants | ) |
| | ) |
| OCEAN PETROLEUM, LLC, et al. | ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CATTS PLUMBING REPAIR, INC. | ) |
| | ) |
| Third-Party Defendant. | ) |

**THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR TO DISMISS OCEAN PETROLEUM, LLC'S THIRD PARTY COMPLAINT**

COMES NOW, Third Party Defendant, Catts Plumbing Repair, Inc. (hereinafter "Catts Plumbing"), by and through counsel, Swartz Campbell hereby move this Honorable Court for an Order dismissing Third-Party Plaintiffs, Ocean Petroleum, LLC and Bruce Predeoux's Third Party Complaint against them pursuant to Superior Court Civil Rules 56 and 12(b) (6). In support of its motion, Catts Plumbing asserts the following:

1. This case arises as the result of an automobile accident on February 2, 2006 wherein the Plaintiff was killed after being struck by defendant's 2006 freightliner tractor.[1] When the accident occurred, Plaintiff was an employee of Catts Plumbing.

---

[1] See Answer to Complaint of Catts Plumbing Repair, Inc. and Third-Party Complaint, attached as Exhibit A

2. On October 20, 2008, Ocean Petroleum filed a Third-Party Complaint against Catts Plumbing seeking indemnification, contribution and/or restitution from Catts Plumbing despite lack of contractual right to indemnification and the Workers' Compensation Exclusivity Doctrine. [2] In light of these facts, Ocean Petroleum's Third-Party Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

3. The exclusivity provision of the Workers' Compensation Act provides that payment of workers' compensation to an injured employee is the employee's exclusive remedy against his or her employer.[3] Because the act is the employee's exclusive remedy, the employee cannot bring suit against the employer for his or her injuries, and the employer cannot therefore be liable to the employer [sic] as a tortfeasor. [4] Additionally, as a result of Catt's Plumbing payments pursuant to the Workers' Compensation Act, Plaintiff is precluded from making any assertions of common law liability for having caused any injury through negligence.[5]

4. To be sure, the Delaware Supreme Court has recognized an exception to the exclusivity provision of the Workers' Compensation Act. An employer may be held liable for the indemnity where he has breached an independent duty owed a third party, or if in the circumstances there is a basis for finding an implied promise of the indemnity.[6] Additionally, an employer, even though it has paid workmen's compensation benefits to an insured employee, can be held contractually liable to a third party where a contract between the employer liable to a third party where a contract between the employer and third party contains provisions requiring the employer to (i) perform work in a workmanlike manner and (ii) indemnify the third party

---

[2] 19 Del. C. § 2304.
[3] Giery v. Stover Homes, LLC 2009 WL 768559 (Del. Super.)
[4] Id.
[5] Diamond State Telephone Co. v. University of Delaware, 269 A.2d 52, 55 (Del. 1970).
[6] Id. at 57-58.

indemnitee for any claims arising from the employer-indemnitor's own negligence.[7] Instructively, the Court in *Precision Air* required that both of the above mentioned conditions must be satisfied in order to create an independent duty to indemnify and thus sustain an action for indemnity based on an express or implied contractual relationship. There is no such contract between Ocean Petroleum and Catts Plumbing.

5.  Finally, Ocean Petroleum's Third-Party Complaint alleges claims for contribution, a claim based tort. As Catts Plumbing, cannot be considered a joint tortfeasor pursuant to 10 Del. C. § 6301 all claims for contribution must be dismissed as a matter of law.[8]

WHEREFORE, defendant Catts Plumbing respectfully requests that this Honorable Court enter an Order in the form attached granting judgment with prejudice in favor it and against Ocean Petroleum.

                                                                   **SWARTZ CAMPBELL LLC**

                                                                   */s/ Nicholas E. Skiles*
Nicholas E. Skiles, Esquire (DE ID #3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801
(302) 656-5935
Attorney for Third-Party Defendant Catts Plumbing Repair, Inc.

Dated: February 1, 2010

---

[7] Precision Air v. Standard Chlorine of Del. Inc., 654 A.2d 403, 407 (Del 1995) citing SW (Delaware), Inc. v. American Consumers Inc., 450 A.2d 887, 889-90 (Del. 1982).
[8] Diamond, 269 A.2d at 55.