IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD WISNIEWSKI et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-26 GMS |
| ) | |
| OCEAN PETROLEUM, LLC et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| OCEAN PETROLEUM, LLC et al., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CATTS PLUMBING REPAIR, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM ORDER

1. On October 31, 2007, the plaintiffs, Edward Wisniewski and Mary Wisniewski, as co-administrators of the estate of Eric E. Wisniewski ("Mr. Wisniewski"), filed the above-captioned negligence, wrongful death, and survival action against Ocean Petroleum, LLC ("Ocean") and Bruce Predeoux ("Predeoux") (collectively, the "defendants") in the Superior Court of the State of Delaware in and for New Castle County. On January 14, 2008, the defendants removed the action from the superior court.

2. On October 20, 2008, with leave of court, the defendants filed a third-party complaint against Catts Plumbing Repair, Inc. ("Catts"), alleging claims for contribution and/or indemnification for any damages arising out of the Wisniewski's claims against them, pursuant to the provisions of the Delaware Uniform Contribution Among Tortfeasors law,

   Del. Code Ann. tit. 10, §§ 6301-6308. The third-party complaint further alleges that Catts was negligent.

3.  On September 10, 2009, the court entered a Scheduling Order (D.I. 38) in the case, setting February 12, 2010 as the due date for case dispositive motions. On February 1, 2010, Catts filed a motion for summary judgment. On March 1, 2010, the defendants filed a response, opposing Catts' motion.

4.  Although not discussed by either Catts or the defendants in their summary judgment briefing, the court briefly discusses the facts as alleged in the plaintiffs' complaint. On or about February 2, 2006, at or about 6:25 a.m., Mr. Wisniewski was traveling in a generally southbound direction on Route 1, approximately 2.4 miles south of the Route 299 on-ramp, near Townsend, Delaware. (Compl. ¶ 4.) Mr. Wisniewski was driving a 1989 Ford Econoline 350 six-wheel utility truck owned by his employer, Catts. (Id.) Due to a malfunctioning gas gauge, Mr. Wisniewski ran out of gas and was force to pull onto the shoulder/berm of the roadway on Route 1. (Id.)

5.  Mr. Wisniewski stopped his vehicle, leaving the headlights on, activated his four way flashers, and proceeded across the highway to a gas station where he obtained an emergency fuel can. (Id. ¶ 5.) Mr. Wisniewski returned to his vehicle and commenced refueling, while his passenger went behind the vehicle with a flashlight to wave approaching vehicles away from them. (Id. ¶ 6.)

6.  After refueling the vehicle, Mr. Wisniewski proceeded to walk back to the driver's side door. (Id. ¶ 7.)

7. At the same date, time and place, Predeoux was operating Ocean's 2006 Freightliner tractor hauling a 2002 Heil tanker trailer in the right-hand lane in a generally southbound direction on Route 1. (Id. ¶ 8.) As Predeoux approached the disabled truck he swerved to his right, leaving his lane of travel, and struck Mr. Wisniewski with the tanker truck. (Id. ¶ 9.) Predeoux was traveling at a rate of approximately sixty-five miles per hour. (Id.) The accident resulted in Mr. Wisniewski's death.

8. Through its motion, Catts requests that the court enter summary judgment on the defendants' indemnification and contribution claims.

9. Summary judgment is appropriate "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The facts must be viewed in the light most favorable to the nonmoving party and all reasonable inferences from the evidence must be drawn in that parties' favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165 (3d Cir. 2009). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the court determines that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law, summary judgment is appropriate. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005).

10. Catts argues that the exclusivity provision of the Delaware Workers' Compensation Act (the "Act"), Del. Code Ann. tit. 19, § 2304, applies in this case and bars the defendants' claims. Further, Catts argues that, as a result of its payments to the plaintiffs pursuant to the Act, the plaintiffs and third parties are precluded from making any assertions of common law liability for having caused any injury through negligence.

11. As support for its position, Catts cites three Delaware cases addressing third-party indemnity and contribution in workers' compensation cases: (1) *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403 (Del. 1995); (2) *Diamond State Tel. Co. v. Univ. of Delaware*, 269 A.2d 52 (Del. 1970); and (3) *Giery v. Stover Homes, LLC*, C.A. No. 08C-04-146 JAP, 2009 WL 768559 (Del. Super. 2009).

12. Conversely, the defendants argue that genuine issues of material fact exist with respect to whether Catts was in compliance with the requirements of the Act. The defendants further argue that a genuine issue of material fact exists with respect to whether Mr. Wisniewski was in the course and scope of his employment at the time of the accident.

13. After having considered the parties submissions on the issue, as well as the relevant law, the court concludes that genuine issues of material fact exist precluding the entry of judgment. Specifically, the court concludes that a genuine issue of material fact remains regarding whether Catts was in compliance with the requirements of the Act, Del. Code Ann. tit. 19, § 2301 et seq. The court further concludes that the cases cited by Catts in support of its argument are distinguishable.

14. As Catts correctly points out, the Act provides that, "every employer and employee ... shall be bound by this chapter respectively to pay and to accept compensation for personal injury

or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies." Del. Code Ann. tit. 19, § 2304.

15. In order to be afforded the protections and limitations under the exclusivity provision of the Act, however, an employer must be in compliance with the Act by either carrying workers' compensation liability insurance through an organization approved by the Delaware Department of Labor (the "DDOL"), or providing the DDOL with satisfactory proof of the employer's financial ability to pay directly the compensation as provided under the Act. Del. Code Ann. tit. 19, § 2372. If an employer fails to maintain the required workers' compensation liability insurance, an employee may bring an action at law for damages. Del. Code Ann. tit. 19, § 2374(e)(3). Furthermore, in defending that action, the employer cannot raise as a defense that the employee was negligent, assumed the risk of the injury, or was injured as the result of the negligence of a fellow employee. Id. § 2374(e)(3)(a)-(c).

16. In the present case, Catts has presented no evidence with respect to its compliance with the Act or payment of any monies to Mr. Wisniewski's estate. Indeed, Catts' brief provides only a terse, unsupported, and conclusory statement that it has made payments pursuant to the Act. That statement is not enough to overcome the defendants' challenge to Catts' compliance with the Act.

17. In addition, the cases upon which Catts relies for support are distinguishable because, in all three cases, the courts noted that the employer defendants had paid workers' compensation benefits to the injured employees. *See Precision Air, Inc.*, 654 A.2d at 406-07 ("As a corollary, [Del. Code. Ann. tit. 19,] Section 2304 precludes the imposition of joint tort

liability upon an employer in a suit brought by an injured employee against a third party *where the employer has paid compensation benefits to the employee.*") (emphasis added); *Diamond State Tel. Co.*, 269 A.2d at 56 (employer could not be held jointly liable even though its negligence caused the death of the employee, because it had paid compensation under the Act); *Giery*, C.A. No. 08C-04-146 JAP, 2009 WL 768559 at * 1 (same). As noted above, Catts has pointed to no record evidence from which this court could conclude that it has been in compliance with the Act or paid benefits to Mr. Wisniewski's estate pursuant to the Act. Accordingly, a genuine issue of material fact exists, which precludes the entry of summary judgment.

Therefore, IT IS HEREBY ORDERED that:

1. Catts' Motion for Summary Judgment or to Dismiss Ocean Petroleum, LLC's Third Party Complaint (D.I. 49) is DENIED.

Dated: June 7, 2010

CHIEF UNITED STATES DISTRICT JUDGE